4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
J. Allan OFFEN, Plaintiff-Appellant,
v.
PRINCE GEORGE'S COUNTY, MARYLAND; The County Council for
Prince George's County, Maryland, a/k/a District Council;
Richard J. Castaldi, Individually, and as a member of the
County Council for Prince George's County; Frank Casula,
Individually, and as a member of the County Council for
Prince George's County; Ann Mackinnon, Individually, and as
a member of the County Council for Prince George's County;
Steven Delgiudice, Individually, and as a member of the
County Council for Prince George's County; Kirwan Wineland,
Individually, and as a member of the County Council for
Prince George's County, Defendants-Appellees.
 No. 93-1230.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 14, 1993.
Decided: August 24, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-92-2483-MJG)
 Argued: Thomas Xavier Glancy, Jr., Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Maryland, for Appellant.
 Sean Daniel Wallace, Associate County Attorney, Upper Marlboro, Maryland, for Appellees.
 On Brief: Robert W. Katz, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Maryland, for Appellant.
 Michael P. Whalen, County Attorney, Michael O. Connaughton, Deputy County Attorney, Upper Marlboro, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Dr. Allan Offen challenges the "downzoning" of his property both as a substantive due process violation and as a taking. The district court dismissed his complaint, holding that his due process claim was barred by res judicata and by his failure to state a cognizable property interest. The court also held that plaintiff's takings claim was not ripe for review. Plaintiff appeals these determinations, and we affirm the judgment of the district court.
 
 I.
 
 2
 Dr. Allan Offen purchased a seventeen acre lot in Prince George's County in the mid-1960s. At the time, the property was zoned residential, but Offen succeeded in having it rezoned commercial in 1969. A sewer moratorium imposed by the Secretary of the Maryland Health Department delayed development for a substantial period after the rezoning. In 1986, the Washington Suburban Sanitary Commission condemned a portion of the property to build a pumping station. The WSSC also ran a sewer line to Offen's property, thus making development feasible.
 
 
 3
 In February 1988, Offen filed a site plan for a proposed medical mall facility. The District Council preliminarily approved the site plan in April 1988, subject to certain conditions, including moving the parking lot to accommodate the potential expansion of the adjoining highway. The site plan also was preliminarily approved by the Planning Board in November 1988, subject to the same condition and the submission of a revised plan to the District Council.
 
 
 4
 Offen requested that his tract be redesignated for water and sewer service from Service Area Four, in which water and sewer service would not be available until three to six years later, to Service Area Three, in which water and sewer service would be available immediately. The redesignation would have enabled Offen to apply for a building permit, which in turn would have vested the existing commercial zoning designation. Instead of approving Offen's desired redesignation, the District Council reduced the tract's designation to Service Area Six, in which public water would not be available for the foreseeable future.
 
 
 5
 Offen challenged the redesignation in the Circuit Court for Prince George's County. The County removed the case to federal court, only to have it remanded to the Circuit Court some eight months later. The Circuit Court held for Offen, ordering the District Council to redesignate the tract as Service Area Three. The Council did not grant the redesignation immediately, but it was finally granted in October 1991.
 
 
 6
 In the interim, the County Council amended the comprehensive master plan for the area that included Offen's property. The Planning Board denied approval of Offen's site plan on the basis of the new master plan, and Offen's property was subsequently downzoned from commercial to rural agricultural.
 
 
 7
 Offen then took an administrative appeal of that downzoning amendment to the Circuit Court, which on July 22, 1992 affirmed the decision of the County Council. Offen then appealed this decision to the Court of Special Appeals, which affirmed the Circuit Court's rejection of Offen's claims of takings and vested rights in the prior zoning designation, but nonetheless reversed that court's judgment and remanded with instructions to consider whether Offen's commercial zoning designation was protected by "zoning estoppel." See Offen v. County Council for Prince George's County, 625 A.2d 424 (Md. App. 1993), petition for cert. filed to Maryland Court of Appeals, July 23, 1993.
 
 
 8
 In the interim between his Circuit Court defeat and his Court of Special Appeals victory, Offen filed the instant complaint in the district court. The complaint alleges substantive due process and takings claims in Counts I and II, and a pendent state law civil conspiracy claim in Count III. The district court granted the defendants' motion to dismiss, holding primarily that Count I's claims arising from the denial of water and sewer service were barred by res judicata because the Circuit Court dismissed Offen's damages claim with prejudice when it granted the writ of mandamus ordering the Council to redesignate the property to Service Area Three. The remainder of the claims underlying Count I were dismissed for failure to state a cognizable property interest because the Council had discretion to deny site approval. The district court dismissed Count II for failure to exhaust state remedies, and declined to exercise its supplementary jurisdiction over Count III's state law claims. Offen now appeals.
 
 II.
 
 9
 Offen attempts to evade the bar of res judicata by arguing that the damages he is now claiming arise from the downzoning, rather than the initial denial of water and sewer service. According to Offen, if the defendants had promptly granted him the water and sewer service when the Circuit Court ordered them to do so, he would not have incurred the damages he now seeks to recover. Offen also urges that defendants' denial of the water and sewer service was part of a continuing course of conduct culminating in the downzoning, which was the principal source of Offen's injury.
 
 
 10
 We disagree. The Council had wide discretion in making zoning decisions, Stump v. Grand Lodge of Ancient Free and Accepted Masons, 412 A.2d 1305, 1308 (Md. App. 1980), which is fatal to Offen's claim that he had a cognizable property interest in retaining his prior zoning classification. See Biser v. Town of Bel Air, 991 F.2d 100, 104 (4th Cir. 1993). Offen tries to avoid this conclusion by arguing that his real entitlement was to the water and sewer redesignation. We believe, however, that Offen forfeited any ability to claim an interest in the water and sewer redesignation when he acceded to the dismissal with prejudice of his claim for damages resulting from that redesignation. He cannot now bootstrap that alleged entitlement to water and sewer service into an entitlement to his prior zoning classification. Only a cognizable property interest in the zoning classification will do, and Offen cannot state such an interest.
 
 
 11
 Offen concedes in his reply brief that his takings claim may become moot if the Circuit Court grants him the zoning estoppel. He nonetheless urges that we should reverse the district court's determination that this claim was not ripe for decision because he had not exhausted his state remedies. The Court of Special Appeals affirmed the Circuit Court's dismissal of his takings claim on his administrative appeal of the downzoning, and Offen contends that any inverse condemnation claim for damages would suffer a similar fate.
 
 
 12
 We agree with Offen that an inverse condemnation claim would likely be doomed in the Maryland courts, given the Court of Special Appeals' decision, but we think that such a decision similarly forecloses relief in federal court. If a Maryland court would not entertain his takings claim, neither can we. 28 U.S.C. Sec. 1738.
 
 III.
 
 13
 We think the district court was well advised to decline jurisdiction over Offen's state claims. For the above reasons, the judgment of the district court is
 
 
 14
 AFFIRMED.